David A. Randall (SBN 156722)
dave@orbitip.com
Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
Paul G. Novak (SBN 261388)
paul@orbitip.com
ORBIT IP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.:  (310) 887-1333
Fax:  (310) 887-1334

Attorneys Defendant
SUN LEE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| TTM INTERNATIONAL, INC.<br><br>              Plaintiff,<br><br>v.<br><br>SUN LEE INC.<br><br>              Defendant. | Case No. 2:24-cv-06846-JWH-AJR<br><br>**REPLY IN SUPPORT OF DEFENDANT SUN LEE, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Honorable John W. Holcomb<br>Ctrm:  9D, Ninth Floor, Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701<br><br>Hearing Date: December 6, 2024<br>Hearing Time: 9:00 a.m.<br><br>Complaint Filed:  August 13, 2024<br>Trial Date:  N/A |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES ................................................................................... ii

I.      INTRODUCTION ...................................................................................... 1

II.     ARGUMENT ............................................................................................. 3

      A.     TTM's Claims for Federal Trademark Infringement, Federal
            Unfair Competition, Common Law Trademark Infringement and
            Unfair Competition Under State Law All Fail Because TTM Has
            Not Plausibly Pled Likelihood of Confusion. ....................................... 3

      B.     TTM's Third Cause of Action Fails for the Same Reason as its
            Sixth: it Cannot Plausibly Allege Rights In a Famous Mark. .............. 10

      C.     Leave to Amend Should Be Denied Because Any Amendment
            Would be Futile. ................................................................................. 11

III.    CONCLUSION ......................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*Amezcua v. Goldman Sachs Bank United States*, No. 8-22-cv-01663-JWH-JDE,

    2024 U.S. Dist. LEXIS (C.D. Cal. Jan. 22, 2024)........................................... 11

*Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126 (9th Cir. 1999)............................. 4

*Defiore v. SOC LLC*, 85 F.4th 546 (9th Cir. 2013) ...................................................... 5

*Great Minds v. Office Depot, Inc.*, 945 F.3d 1106 (9th Cir. 2019) ........................... 11

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*,

    28 F.4th 35 (9th Cir. 2022) ..................................................................................... 7

*Jones v. Bock*, 549 U.S. 199 (2007)............................................................................ 4

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*,

    633 F.3d 1158 (9th Cir. 2011) .............................................................................. 10

*Mintz v. Subaru of America, Inc.*, 716 Fed. Appx 618 (9th Cir. 2017) ...................... 5

*Montz v. Pilgrim Films & Tel., Inc.*, 649 F.3d 975 (9th Cir. 2011)........................... 11

*Murray v. Cable Nat'l Broadcasting Co.*, 86 F.3d 858 (9th Cir. 1986) ...................... 5

*Rawls v. United States*, No. 8:23-cv-00364-JWH-JDE, 2024 U.S. Dist. LEXIS

    94662 (C.D. Cal. May 28, 2024) ........................................................................... 6

*Reading Int'l., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046 (9th Cir. 2016) ............ 6

*Rivera v. Peri & Sons, Inc.*, 735 F.3d 892 (9th Cir. 2013) ......................................... 4

*Sanys v. Yahoo! Inc.*, 713 F. 3d 1175 (9th Cir. 2013) ................................................ 4

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003).............................................. 5

1

**Statutes**

2

15 U.S.C. § 1114 ................................................................................................ 4

15 U.S.C. § 1125(a) .......................................................................................... 4

Cal. Bus. & Prof. Code § 17200 ...................................................................... 4

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.    INTRODUCTION

Plaintiff TTM's Opposition (Dkt. 26) to Defendant Sunlee's Motion to Dismiss TTM's First Amended Complaint ("FAC") (Dkt. 23) lacks merit and only serves to confirm TTM's FAC should be dismissed without leave to amend.

While the opposition spends significant time complaining about arguments Sun Lee did not make and actions that Sun Lee's counsel did not take, TTM's opposition fails to address how the Sun Lee products create any likelihood of confusion given the documents referenced in the complaint and the properly judicially recognizable facts before the Court. This failure is fatal to TTM's first, second, fourth and fifth claims for relief, because confusion is an element of each.

In short, TTM fails to explain, for example, how the Sun Lee product on the left is confusingly similar with the MSJ Foods, now TTM product, on the right:



REPLY MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT
Case No. 2:24-cv-06846-JWH-AJR

1    TTM can't because TTM's predecessors in interest (MSJ Foods and Binh

2    Tay) agreed that the marks on the two products below do not create a likelihood of

3    confusion with one another, and, according to TTM's allegations in the FAC and

4    documents attached thereto, their predecessors concurrently sold the two products in

5    the market since at least 1997, or for the last twenty-seven years.

6

7

8

9

10

11

12

13

14

15

16



17    TTM argues there was no confusion because one was a soybean sauce and the

18    other is instant noodles. But that is not what Binh Tay and Mr. Washington told the

19    USPTO. TTM's argument is also belied by TTM's failure to only assert the mark on

20    the left against Sun Lee's accused soy sauce products and the one on the right

21    against Sun Lee's noodle product. Moreover, LÁ BÔ DÊ is plainly the predominant

22    element of both labels and Asian food companies routinely make sauces and noodles

23

24

as evidenced by the accused Sun Lee products. Thus, if LÁ BÔ DÊ were a source identifier, there would be no way for MSJ and Binh Tay to properly conclude there was no likelihood of confusion between their respective products. It is only because, LÁ BÔ DÊ is an unprotectable element and means vegetarian—as counsel for TTM, Mr. Washington, told this Court and the USPTO—that MSJ Foods and Binh Tay could reasonably arrive at their agreement that there is no likelihood of confusion.[1] Accordingly, TTM's first, second, fourth, and fifth claims should be dismissed with prejudice.

TTM agreed to withdraw its sixth claim for relief for trademark dilution under state law, admitting it does not have a famous mark. This admission is fatal to TTM's third claim for relief, which is for federal dilution. TTM's FAC should, thus, be dismissed with prejudice for the reasons stated herein and in Sun Lee's motion.

## II.  ARGUMENT

**A.  TTM's Claims for Federal Trademark Infringement, Federal Unfair Competition, Common Law Trademark Infringement and Unfair Competition Under State Law All Fail Because TTM Has Not Plausibly Pled Likelihood of Confusion.**

TTM does not deny that the elements of claims for common law trademark infringement and for unfair competition under California's Bus. & Prof. Code §

---

[1] Of course, if LÁ BÔ DÊ was at one time a source identifier, the fact that TTM's predecessors, MSJ and Binh Tay, both simultaneously used LÁ BÔ DÊ on Asian food products found in the same stores and purchased by the same customers for the last twenty-seven years, means that MSJ and Binh Tay trained consumers that the term has no source significance and that consumers should look to other elements of product labels to determine source.

1    17200 are the same as those for federal trademark infringement under 15 U.S.C. §

2    1114, or a violation of 15 U.S.C. § 1125(a). Likelihood of confusion is an essential

3    element of each of those causes of action.

4        TTM instead contends—by repeating the allegations in the FAC— that it

5    sufficiently alleged likelihood of confusion and that the Court must accept these

6    allegations as true and deny this motion. Dkt. 26 at 8:15-9:23[2]. But it is well-settled

7    that a "complaint is subject to dismissal for failure to state a claim if the allegations,

8    taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S.

9    199, 215 (2007). One example of such a showing is where an affirmative defense

10   appears on the complaint's face. *Id.*; *see also Cedars-Sinai Med. Ctr. v. Shalala*, 177

11   F.3d 1126, 1128-29 (9th Cir. 1999) (affirmative defenses may be raised in a motion

12   to dismiss); *Sanys v. Yahoo! Inc.*, 713 F. 3d 1175, 1179 (9th Cir. 2013) (an

13   affirmative defense may be considered properly on a motion to dismiss where

14   allegations in the complaint suffice to establish the defense) (citing *Jones*); *Rivera v.*

15   *Peri & Sons, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (when an affirmative defense is

16   obvious on the fact of a complaint…a defendant can raise that defense in a motion to

17   dismiss). Here, the FAC's allegations and exhibits support Sun Lee's affirmative

18   defense of fair use.

19

20

21        [2] TTM also argues that it has standing for its claims and includes an assignment
from Binh Tay to TTM of one of the asserted marks to support standing. But in its
22   motion, Sun Lee did not challenge TTM's standing or its claim to own the asserted
trademarks. Those are arguments raised by the defendant in the related case of *TTM*
23   *International, Inc.v. Kim Seng Co.*, No. 8:24-cv-01642-JWH-(AJR) (C.D. Cal.).

24

REPLY MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT
Case No. 2:24-cv-06846-JWH-AJR

1    In addition, "[l]ikelihood of confusion can be determined at the pleading stage
2    where the parties have obviously dissimilar marks." *Mintz v. Subaru of America,*
3    *Inc.*, 716 Fed. Appx 618, 620 (9th Cir. 2017) (affirming trial court's grant of a
4    12(b)(6) motion where the parties' marks only shared the generic word "love," and
5    depictions of a heart and a hand, and were different in many other ways, citing
6    *Murray v. Cable Nat'l Broadcasting Co.*, 86 F.3d 858, 860 (9th Cir. 1986) (finding
7    no likelihood of confusion between "AMERICA SPEAKS" for man-on-the-street
8    video surveys for television commercials of business clients and AMERICA'S
9    TALKING for talk show programming for cable television). Here, TTM's facts, as
10   shown by the FAC's own illustrations and exhibits, are even weaker. Like "love" in
11   *Mintz*, LÁ BÔ DÊ is unprotectible, and like the hearts in *Mintz*, the heart-shaped
12   leaves used by the parties are different in many ways.

13        TTM complains that Sun Lee presents matters outside the pleadings and
14   concludes that if the Court does not exclude them, the motion must be converted into
15   motion for summary judgment. Dkt. 26 at 9:24-10:2. But the matters outside the
16   pleadings that Sun Lee presented in its opening brief are either documents
17   incorporated by reference in the FAC or documents in the files of the USPTO or this
18   Court that are subject to judicial notice. "A court may consider documents attached
19   to the complaint, documents incorporated by reference in the complaint, or matters
20   of judicial notice without converting the motion to dismiss into a motion for
21   summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see*
22   *Defiore v. SOC LLC*, 85 F.4th 546, 553, n.2 (9th Cir. 2013)(citing *Ritchie*); *Rawls v.*
23   *United States*, No. 8:23-cv-00364-JWH-JDE, 2024 U.S. Dist. LEXIS 94662, at *5-5

24

1 (C.D. Cal. May 28, 2024) (on a motion to dismiss, court may consider materials

2 subject to judicial notice and documents whose contents are alleged in a complaint

3 and whose authenticity no party questions but which are not physically attached to

4 the complaint). Sun Lee filed a request for judicial notice with its moving papers and

5 TTM has not opposed it or even acknowledged it.[3]

6         In addition to not objecting to Sun Lee's request for judicial notice, TTM does

7 not deny that in the MSJ litigation—in a trial brief filed in this district court—Binh

8 Tay asserted that LÁ BÔ DÊ and the Bohdi leaf are commonly used in the

9 marketplace to indicate that food products are vegetarian. It does not deny that Binh

10 Tay settled with MSJ because it agreed there was no likelihood of confusion

11 between the parties' respective LÁ BÔ DÊ marks. Instead, it accuses Sun Lee of

12 "trying to raise a factual issue of estoppel based on attorney argument in a decade-

13 old mediation." Dkt. 26 at 9:24-27. But that was the premise and basis for Bin Tays'

14 subsequent '762 Registration. TTM also offers no authority that holds that estoppel

15 cannot be based on attorney argument or on a decade-old legal position. Indeed,

16 corporations are required to make their arguments to courts through their attorneys.

17 *Reading Int'l., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016).

18 And Binh Tay offered the argument that LÁ BÔ DÊ means or connotes "vegetarian"

19 in a trial brief filed in this district.[4] (Randall Decl. Ex. 10 at 2:1-9.) The Ninth

20

21       [3] By contrast, Sun Lee objects to the Declaration of Dale Washington to the

22 extent it attempts in introduce factual information that is not subject to judicial notice for purposes of Sun Lee's motion.

23       [4] Sun Lee referenced admissions made in Binh Tays's trial brief, not its mediation brief for this point. However, TTM made similar arguments in its mediation

24

Circuit has set forth three factors that courts should consider when deciding a

judicial estoppel issue:

> First, a party's later position must be clearly inconsistent with its earlier
> position. Second, courts regularly inquire whether the party has
> succeeded in persuading a court to accept that party's earlier position,
> so that judicial acceptance of an inconsistent position in a later
> proceeding would create the perception that either the first or the
> second court was misled. A third consideration is whether the party
> seeking to assert an inconsistent position would derive an unfair
> advantage or impose an unfair detriment on the opposing party if not
> estopped.

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 40 (9th

Cir. 2022). In enumerating these three factors, the Ninth Circuit did not "establish

inflexible prerequisites or an exhaustive formula for determining the applicability of

judicial estoppel." It explained that "[a]dditional considerations may inform the

doctrine's application in specific factual contexts." *Id.* TTM does not even argue that

Binh Tay's legal arguments to the MSJ court and the USPTO cannot estop TTM. On

the contrary, it seems to argue that Binh Tay could be a proper plaintiff based on its

ownership of the '762 Registration before it assigned it to TTM. (Washington Decl.,

¶¶ 3, 4.)

Moreover, even if Binh Tay statements do not amount to estoppel, they are

admissions of Binh Tay, the predecessor in interest to the '769 Registration,

regarding the scope of its trademark rights and that are judicially noticeable. They

---

brief as well that Binh Tay filed on the court's public docket, as opposed to being
made during a confidential mediation.

1    are also inconsistent with the conclusory allegations of TTM's FAC and thus

2    provide a further basis for the court to disregard such conclusory allegations.

3           As for Sun Lee's disclaimer evidence, TTM does not deny that Binh Tay and

4    Mr. Washington disclaimed any exclusive right to the use phrase "LÁ BÔ DÊ" in a

5    trademark application for the same mark that is now the subject of the '762

6    Registration asserted in this action. It does not deny that Binh Tay represented to the

7    USPTO that LÁ BÔ DÊ means "vegetarian" in the relevant trade or industry of the

8    mark. It does not dispute that the trademark examiner wanted to know more about

9    LÁ BỒ ĐỀ being term of art for vegetarian, or that after the examiner asked for

10   more information about LÁ BÔ DÊ's descriptive significance in the industry, or

11   Binh Tay abandoned the application.

12          And TTM confirms that after it settled the MSJ action, it then had a different

13   attorney file and prosecute a new application resulting in the '762 registration. "Binh

14   Tay then obtained registration 4751762 . . . using an IP Specialist attorney."

15   Declaration of Dale Washington In Support of Opposition to Motion to Dismiss,

16   Dkt. 26-1, at ¶ 3. And it does not dispute that the IP Specialist attorney did not

17   include the disclaimer of exclusive rights to "LÁ BỒ ĐỀ" or disclose to the USPTO

18   that LÁ BỒ ĐỀ and "Leaf of Buddha tree" connotes to consumers in the relevant

19   market that a food product is vegetarian.

20          And just as TTM cannot deny that Binh Tay disclaimed LÁ BỒ ĐỀ in the

21   '296 application but not in the application for the '762 Registration now asserted, it

22   does not deny that "LÁ BÔ DÊ" is understood by consumers to mean "vegetarian"

23   and thus suitable for Buddhists to eat. It does not respond to Sun Lee's argument

24

REPLY MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT
Case No. 2:24-cv-06846-JWH-AJR

that it uses LÁ BÔ DÊ to tell consumers its products are vegetarian and not to identify Sun Lee as their source. TTM does not dispute that both MSJ and Binh Tay used LÁ BÔ DÊ on Asian food products sold to the same consumers since at least 1997, or for the last twenty-seven years without creating a likelihood of confusion. TTM does not dispute that a trademark owner cannot prevent others from using a phrase in contexts that do not imply their products' sources. Given TTM's failure to rebut these points, the Court can conclude that Sun Lee's use of LÁ BÔ DÊ is not source-identifying and therefore cannot cause confusion as to source.

This leaves TTM with its allegation that Sun Lee's labels include a drawing of a single Bodhi leaf and that Sun Lee's similar products are sold in the same channels as TTM's. FAC at ¶ 28. But here again, TTM does not respond to Sun Lee's arguments that not all illustrations of leaves of the same species of tree are confusingly similar, that even a specific species of leaf can become generic for a specific product, and that the leaf on Sun Lee's labels shown in the FAC looks quite different from those in TTM's two different marks.[5] TTM does not respond to the argument—and authorities teaching— that each party's use of its own house mark to identify the source of its products cuts against likelihood of confusion. Finally, TTM does not respond to Sun Lee's argument that courts can properly consider a fair use defense that is supported by the complaint's allegations in deciding a motion to dismiss when no material facts are in dispute. TTM had the opportunity to respond

---

[5] Indeed, again TTM's predecessors in interest (MSJ and Binh Tay) used Bodhi leaves from the same tree on Asian food products sold to the same consumers for the last twenty-seven years without creating a likelihood of confusion. Thus, simply having a Bodhi leaf alone is insufficient to create a likelihood of confusion.

to each of Sun Lee's arguments for non-infringement. But instead, it elected to rely on its arguments that the Court must treat all a complaint's allegations, and apparently even the legal conclusions, as true to decide this motion and that the Court cannot consider matters outside the pleadings even if they are incorporated by reference or subject to judicial notice. As a result, the First, Second, Fourth and Fifth claims should be dismissed with prejudice because the marks are obviously dissimilar and no likelihood of confusion can be plausibly pled in light of the unrebutted facts brought to the attention of the court in properly judicially noticed documents, documents attached to the complaint, and documents incorporated by reference into the FAC.

**B.     TTM's Third Cause of Action Fails for the Same Reason as its Sixth: it Cannot Plausibly Allege Rights In a Famous Mark.**

TTM expressly agrees with Sun Lee that its asserted marks are not "famous" enough to enjoy protection for dilution under Ninth Circuit law, and therefore withdraws its Sixth cause of action, which was for dilution under state law. Dkt. 26 at 1:24-2:2. But federal dilution also requires that the plaintiff establish that its trademark is "famous and distinctive." *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1169 (9th Cir. 2011). Again, TTM does not dispute this requirement. Therefore, based on TTM's admission that the asserted marks are not famous under Ninth Circuit law, TTM's Third cause of action, for dilution under federal law, should also be dismissed with prejudice.

**C.    Leave to Amend Should Be Denied Because Any Amendment Would be Futile.**

TTM asks the Court, if it grants Sun Lee's motion, to grant it leave to file a third amended complaint because leave to amend should be freely given. But dismissal without leave to amend is proper if it is clear that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Montz v. Pilgrim Films & Tel., Inc.*, 649 F.3d 975, 984 n.3 (9th Cir. 2011) (internal quotations omitted); *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1112 (9th Cir. 2019); *Amezcua v. Goldman Sachs Bank United States*, No. 8-22-cv-01663-JWH-JDE, 2024 U.S. Dist. LEXIS, at *9 (C.D. Cal. Jan. 22, 2024). Here, it is hard to imagine what new facts TTM could allege in a third complaint that would not be inconsistent with the FAC. Adding Binh Tay as a named plaintiff would not undermine Sun Lee's arguments based on Binh Tay's past representations to the USPTO and the district court. And amendment would not change the labels on Sun Lee's accused products—labels that only use LÁ BỒ ĐỀ to indicate that products are vegetarian, show a distinctly different Bodhi leaf, and include Sun Lee's distinctive Buddha Brand house mark and the name "Sun Lee." These features make Sun Lee's labels obviously dissimilar from TTM's marks. Therefore, based on the record the parties have created, dismissal should be granted without leave to amend.

## III.    CONCLUSION

TTM's opposition fails to overcome Sun Lee's arguments, supported by the law and the facts, that the FAC should be dismissed with prejudice for failure to

state a claim. Therefore, the motion should be granted, and because any amendment
would be futile, leave to amend should be denied.

DATED:  November 22, 2024          ORBIT IP, LLP

                                   By:  /s/ David A. Randall
                                   David A. Randall (CA SBN 156722)
                                   Ehab Samuel (SBN 228296)
                                   Paul G. Novak (SBN 261388)

                                   *Attorneys for Defendant*
                                   SUN LEE, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### <u>Certification of Compliance with C.D. Cal. L.R. 11-6.2</u>

The undersigned, counsel of record for Defendant Sun Lee, Inc., certifies that this brief contains 5,416 words, which complies with the word limit of L.R. 11-6.1.

October November 8, 2024

/s/ David A. Randall
David A. Randall